# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30796
Summary Calendar

United States Court of Appeals
Fif h Circuit

**FILED**

April 13, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

QUENTRELL D. FOUNTAIN,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:14-CR-151-1

Before BARKSDALE, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Quentrell D. Fountain pleaded guilty, pursuant to a plea agreement, to one count of discharging a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). He was sentenced to, *inter alia*, 156 months' imprisonment, a 36-month upward departure from the advisory Sentencing Guidelines range. He contends the district court erred by using his prior arrest record to impose the upward departure because: the prior arrests

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

were not sufficiently connected to the offense conduct to justify an upward departure under Guideline § 5K2.21; and Guideline § 4A1.3(a)(3) prohibits consideration of his arrest record without corroborating evidence.

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). The usual standard of review for such claimed error does not apply in this instance, however, because, as Fountain concedes, the claimed error was not preserved in district court. Therefore, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, Fountain must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The court mentioned Fountain's prior arrests at sentencing, but also emphasized, pursuant to Guideline § 5K2.21, Fountain's uncharged or dismissed conduct that was excluded under the terms of the plea agreement. This uncharged conduct included seven additional counts and the presence of minor children when Fountain discharged the firearm. After recounting Fountain's criminal history and this uncharged conduct, the court imposed a 156-month sentence "[b]ased on the totality of the circumstances and the facts of this case".

Therefore, the record shows: although the court noted Fountain's criminal history and briefly mentioned his arrest record, the court based its 36-month upward departure on factors permissible under § 5K2.21, and on facts which Fountain does not dispute, namely uncharged or dismissed conduct

and the serious risk of bodily harm to the victim's minor children.  Moreover, the record also contained evidence corroborating some of Fountain's previous arrests, which may be considered notwithstanding Guideline § 4A1.3(a)(3).  *See United States v. Williams*, 620 F.3d 483, 493 n.9 (5th Cir. 2010).

The plain-error rule is intended to address those errors that are so plain "the trial judge and prosecutor were derelict in countenancing it, even absent the defendant's timely assistance in detecting it".  *United States v. Frady*, 456 U.S. 152, 163 (1982).  Viewing the record as a whole, Fountain has failed to show the requisite clear or obvious error.  *See Puckett*, 556 U.S. at 135.

AFFIRMED.